J-S37042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ORRIN WINSTON MCRAE | : | |
| | : | |
| Appellant | : | No. 541 EDA 2021 |

Appeal from the PCRA Order Entered February 26, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001580-2013

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 4, 2022**

Appellant Orrin Winston McRae files this *pro se* appeal from the order of the Court of Common Pleas of Delaware County denying his petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On February 4, 2014, Appellant entered a negotiated guilty plea to Possession of a Controlled Substance with Intent to Deliver (PWID), Persons Not to Possess Firearms, Possession of a Firearm with an Altered Manufacturer's Number, Fleeing, and Resisting Arrest.

On the same day, the trial court sentenced Appellant to 5-10 years' incarceration for his PWID conviction, 5-10 years' incarceration for Persons Not to Possess a Firearm (concurrent with the PWID sentence), 18-36 months'

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration for Possession of a Firearm with an Altered Manufacturer's Number, 18 to 36 months' incarceration for Fleeing, and 2 years' probation for Resisting Arrest (concurrent to his flight sentence). As such, Appellant received a sentence of 8 to 16 years' imprisonment, which included a mandatory minimum sentence for the PWID conviction under 42 Pa.C.S.A. § 9712.1. Appellant did not file a post-sentence motion or a direct appeal.

On May 8, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a petition to withdraw and a no-merit brief pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On September 25, 2014, the PCRA court allowed counsel to withdraw and gave notice of its intent to deny the petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 2, 2015, the PCRA court denied the petition.

On May 5, 2017, this Court reversed and remanded for the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. **See Commonwealth v. McCrae**, 1023 EDA 2015, 2017 WL 1880811 (Pa.Super. May 5, 2017) (unpublished memorandum).

Appellant filed an appeal *nunc pro tunc*, claiming his mandatory minimum sentence was illegal pursuant to **Alleyne v. United States**, 570 U.S. 99, 103, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013) (holding that "any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt).

On January 17, 2018, this Court vacated the judgment of sentence, finding that the imposition of the mandatory minimum sentence under Section 9712.1 was unlawful and Appellant was entitled to resentencing without the mandatory minimum sentence pursuant to *Alleyne*. *See Commonwealth v. McCrae*, 1900 EDA 2017, 2018 WL 460960 (Pa.Super. January 17, 2018) (unpublished memorandum).

Upon remand, on April 16, 2018, the trial court sentenced Appellant to 18 to 36 months' imprisonment on the PWID charge in place of the 5-10 year term with the mandatory minimum. The trial court did not change the remaining individual sentences. As Appellant's sentence on the PWID charge had run concurrently to his 5-10 year sentence for Persons Not to Possess a Firearm, Appellant received the same aggregate sentence of 8 to 16 years' imprisonment. Appellant did not file a post-sentence motion or an appeal.

On March 27, 2019, Appellant filed a timely PCRA petition. The PCRA court appointed counsel, who filed a petition to withdraw and a *Turner*-*Finley* no-merit brief on January 21, 2021. Thereafter, on February 5, 2021, the PCRA court filed orders allowing counsel to withdraw and issuing notice of its intent to dismiss the petition pursuant to Rule 907. On February 26, 2021, the PCRA court denied Appellant's petition.

Appellant filed a timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues on appeal:

1. Trial court violated [Appellant's] due process right by failing to impose a lesser aggregate sentence in response to the [S]uperior [C]ourt order directing a sent[e]nce to be im[p]osed without the mandatory minimum[.]

2. Was the defense counsel ineffective in failing to effectively represent [Appellant] at resentencing and failing to file a motion for reconsideration of sentence following the resentencing held on April 16, 2018[.]

Appellant's Brief, at 3.

Our standard of review is as follows:

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 629 Pa. 572, 105 A.3d 1257, 1265 (2014) (citation omitted).

**Commonwealth v. Campbell**, 260 A.3d 272, 277 (Pa.Super. 2021).

Upon reviewing Appellant's brief, we observe that Appellant does not cite to relevant authority to support the arguments raised in his brief and includes rambling, incoherent discussion of the issues in the argument section of his brief. For this reason, we find Appellant's claims to be waived for lack of development. **Commonwealth v. Antidormi**, 84 A.3d 736 (Pa.Super. 2014) ("[a]s Appellant has cited no legal authorities nor developed any meaningful analysis, we find this issue waived for lack of development").

However, even assuming *arguendo* that Appellant had properly developed his arguments on appeal, he would not be entitled to collateral relief. Appellant argues that the sentencing court erred in imposing the same

aggregate sentence upon resentencing when the original sentence included an individual sentence for PWID that violated **Alleyne**. In addition, Appellant argues that his defense counsel was ineffective in failing to file a motion for reconsideration of his sentence upon resentencing. [1]

In reviewing such claims, we are guided by the following principles:

> [a]s originally established by the United States Supreme Court in **Strickland v. Washington,**466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

> **Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 600 Pa. 1, 963 A.2d 409, 419 (2009).

**Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020).

In reviewing the record, we find that Appellant's claim of ineffectiveness has no arguable merit. Upon remand, the trial court decreased Appellant's

---

[1] We note that this Court has held that a claim that a trial court violated a defendant's due process rights by vindictively imposing a more severe sentence upon resentencing is a waivable challenge to the discretionary aspects of sentencing that is not cognizable under the PCRA. **Commonwealth v. Prinkey**, 237 A.3d 1083 (Pa.Super. 2020), *appeal granted,* No. 319 WAL 2020, 2021 WL 3878434 (Pa. Aug. 31, 2021). However, as Appellant also couched this claim in terms of defense counsel's ineffectiveness in failing to file a motion for reconsideration upon resentencing, we may reach the merits of the claim.

individual sentence for PWID, replacing the original five to ten year individual sentence to 18 to 36 months' incarceration. The trial court did not alter any of the remaining sentences.

As Appellant's sentence for his PWID conviction ran concurrently with his sentence for Persons Not to Possess a Firearm, the sentencing scheme remained the same even when the trial court removed the five-year mandatory minimum term on the PWID conviction and decreased the individual PWID sentence. Moreover, as the trial court recognized that Appellant had entered a negotiated guilty plea and noted that the Commonwealth was entitled to the "benefit of their bargain," the trial court imposed the same aggregate sentence as it had originally imposed. N.T. Sentencing, 4/16/18, at 12, 13. Appellant offers no support for his allegation that he was entitled to a lesser sentence upon remand.

As Appellant's challenge to his sentence has no arguable merit, trial counsel cannot be found ineffective in failing to raise a meritless claim. **Commonwealth v. Rivera**, 650 Pa. 169, 184–85, 199 A.3d 365, 374 (2018). As such, the trial court did not err in denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022